IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JEREMY J. WEBB,                                    Civ. No. 6:23-cv-00647-AA

               Plaintiff,          **OPINION & ORDER**

     v.

OREGON DEPARTMENT OF
HUMAN SERVICES; LANE
COUNTY CIRCUIT COURT;
BRENT HOLBROOK; SISO
INDEPENDENT LIVING,

             Defendants.

_____

AIKEN, District Judge.

    *Pro Se* Plaintiff Jeremy J. Webb seeks leave to proceed *in forma pauperis* ("IFP") in this action.  ECF No. 2.  For the reasons set forth below, Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend.  Plaintiff shall have thirty (30) days in which to file an amended complaint.  The Court defers ruling on Plaintiff's IFP petition pending submission of the amended complaint.

## LEGAL STANDARD

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee.  28 U.S.C. § 1914(a).  However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees

associated with that access.  To authorize a litigant to proceed IFP, a court must make two determinations.  First, a court must determine whether the litigant is unable to pay the costs of commencing the action.  28 U.S.C. § 1915(a)(1).  Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The court is not required to accept legal conclusions, unsupported by alleged facts, as true.  *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Complaint in this case is disjointed and difficult to read. The Court is uncertain as to the basis of Plaintiff's claims in this case. The Complaint suggests that the Court "look at my old records" with a series of what appear to be Oregon state court case numbers. The Court does not have access to the Oregon state court dockets and, even if it did, Plaintiff must allege what is in those files and why they are important to the present case. The Complaint also says to "look at [t]he camera." As before, the Court does not know what camera is being referenced and would not have access to the camera even if the camera were identified. The rest of the hand-written portion of the Complaint is comprised of confusing notes such as "I have a disk who 4 people got SSI from me PS," and "who evener my payee as control me." The Court is at a loss as to what these notes might mean.

Finally, Plaintiff has included a printed screenshot of a Facebook page entitled "evidence for the broken law system" with the hand-written note "documentary background of me about the truth no more lies." On the following

page is a confusing narrative that appears to describe family disputes and encounters with the police dating back to 2016. The Court is not clear what, if anything, this material has to do with Plaintiff's case. With the exception of two brief references to DHS, none of the named Defendants are described in the narrative.

This falls short of the federal pleading standards and the Court must dismiss Plaintiff's complaint. Because Plaintiff is pro se, the Court will give Plaintiff an opportunity to replead complaint. In drafting the amended complaint, Plaintiff should remember that the Court does not know anything about Plaintiff or his situation besides what Plaintiff chooses to include in the amended complaint. Plaintiff should also remember that this Court does not have access to the state court records, nor does it have access to security camera footage. Plaintiff should describe, in plain language, what has happened, how he was injured, and why he believes that the particular defendants he has named should be held liable for his injury. The Court will give Plaintiff thirty days from the date of this Order to submit an amended complaint.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend.  Plaintiff shall have thirty (30) days in which to file an amended complaint.  Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice.  The Court will defer ruling on Plaintiff's IFP petition, ECF No. 2, pending submission of the amended complaint.

It is so ORDERED and DATED this ____4th____ day of May 2023.


 /s/Ann Aiken                                            
ANN AIKEN
United States District Judge