IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JEREMY J. WEBB,

Plaintiff,

v.

DEPARTMENT OF HUMAN SERVICES; LANE COUNTY CIRCUIT COURT; BRENT HOLBROOK; CHRYSTAL FRANKLIN; JACKIE ZENZ,

Defendants.

Civ. No. 6:23-cv-00647-AA

**OPINION & ORDER**

AIKEN, District Judge.

*Pro Se* Plaintiff Jeremy J. Webb seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. The Court previously dismissed the original Complaint with leave to amend. ECF No. 5. Plaintiff has filed an Amended Complaint. ECF No. 6. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 2 is GRANTED. However, Plaintiff's Amended Complaint, ECF No. 6, is DISMISSED without further leave to amend and without service on Defendants.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for

meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Court dismissed the original Complaint in this case for failure to state a claim. In the Complaint, Plaintiff urged the Court to examine his past Oregon state court case files and unidentified camera footage. In its Order, the Court explained that it doesn't know anything about Plaintiff's situation, other than what Plaintiff includes in his pleadings. The Court explained that it does not have access to either the state court dockets or to any cameras. The Court also explained that, in drafting the amended complaint, Plaintiff "should describe, in plain language, what has happened, how he was injured, and why he believes that the particular defendants he has named should be held liable for his injury."

The Amended Complaint does little to fix the problems of the original Complaint. Although the Amended Complaint adds additional defendants, it is still unclear what Plaintiff's claims are or what has happened. In the list of defendants, there are notes such as "force 2 put people in foster home or a group," "doing with bad people," and "get the cameras to get the truth." In the section where Plaintiff

was asked to list the basis for federal jurisdiction, Plaintiff wrote "They did kidnapping theft animal cruelty lying to the oath assault attempted murder corrupting my human rights documentary evidence for the broken law system." In a written section, Plaintiff again urges the Court to look at police and courtroom cameras, but, as the Court previously explained, the Court does not have access to any cameras. Plaintiff also asks that the Court look at the "documentary and the records" and "use the new technology to listen into the background." Plaintiff also says that "you have to do the background use the new technology for your helpers that do undercover."

From this, it appears that Plaintiff is asking for an investigation into his situation. The Court is unable to help Plaintiff with this request. Federal courts do not generally undertake investigations. Usually, federal courts adjudicate specific disputes between parties based on the evidence those parties bring as part of their case. Investigations are handled by different organizations, such as police or government agencies.

More generally, Plaintiff's Amended Complaint does not clearly allege how he was injured, when the injury occurred, or who specifically caused the injury. As such, the Amended Complaint fails to state a claim and must be dismissed. The Court has previously given Plaintiff leave to amend with instructions on how to state a claim. The Court concludes that it would be futile to allow further leave to amend and so dismissal shall be without prejudice but without leave to amend.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Plaintiff's IFP Petition, ECF No. 2. However, the Amended Complaint is DISMISSED without prejudice and without service on Defendants. Dismissal is without further leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____21st____ day of August 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge